UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PATRICIA D. LEWIS,<br><br>    Plaintiff,<br><br>    v.<br><br>GOVERNMENT OF THE DISTRICT OF COLUMBIA, *et al.*,<br><br>    Defendants. | Civil Action No. 15-521 (JEB) |

## MEMORANDUM OPINION

Plaintiff Patricia Lewis, formerly employed as a human-resources adviser with the District of Columbia's Office of the Chief Medical Examiner (OCME), brought this suit against the city and multiple officials, alleging myriad claims under the U.S. Constitution, federal statutes, state statutes, and state common law.  The gravamen of her Complaint is that the city illegally required her to take a drug test as a condition of moving with her colleagues to the District's new Consolidated Forensic Sciences Laboratory.  A subset of Defendants – the District, former Mayor Vincent Gray, and OCME's Chief of Staff, Beverly Fields – jointly moved to dismiss the suit, which motion the Court recently granted in part and denied in part.  For undisclosed reasons, Defendants Paul Quander and Charles Tucker subsequently filed separate Motions to Dismiss.  In now considering those, the Court will dismiss the former official, but not the latter.

**I.    Background**

The Court's lengthy Opinion, just issued on December 7, 2015, explains in detail the background of this case and Plaintiff's assorted causes of action.  See Lewis v. Gov't of Dist. of

1

Columbia, 2015 WL 8082293 (D.D.C. Dec. 7, 2015).  The Court there dismissed Gray and Fields, as well as a number of claims against the District; it also denied the city's motion in regard to several counts, which will proceed to discovery.  In briefly setting forth the background here, the Court will confine its discussion to the issues raised in the latest Motions.

The only causes of action that name Quander and Tucker are Counts II (Violation of Fourth and Fourteenth Amendments), VI (Intentional Infliction of Emotional Distress), and X (Defamation).  As to Quander, the Complaint alleges no particular facts concerning improper actions that he allegedly took, other than in relation to Lewis's defamation claim.  In that context, she vaguely alleges that he offered "full support" to Fields, who directed the posting of a picture of Plaintiff at the new lab with a label that she had failed the background check.  See Am. Compl., ¶ 60.

Tucker, however, is a different story.  As described in the prior Opinion, Tucker, who was an attorney for the city, informed OCME employees during a staff meeting on July 18, 2012, that, as a condition of their relocating to the new laboratory, they would be required to consent to a set of background checks detailed in a 2012 Mayor's Order.  See Am. Compl., ¶¶ 21, 22, 28 (citing Mayor's Order 2012-84); District Mot. (ECF No. 17), Exh. A (Mayor's Order 2012-84).  The Order indicated that the city's Department of Human Resources possessed the authority to require employees with "a duty station" at the new laboratory to submit to some combination of "background checks, investigations, mandatory criminal background checks, and tests for controlled substance use."  Mayor's Order 2012-84 at 2.  Tucker stated that employees had until

4:00 p.m. that day to sign a "Notification of [] Drug and Alcohol Testing Form," which also required disclosure of "any current medications," or risk being fired. See Am. Compl., ¶¶ 21, 22.

Lewis "immediately protested" both the requirements themselves and the short timeframe that employees were given to respond. See id., ¶ 23. She alleges that she made her objections known "verbally" to an unspecified audience on July 18, 2012, and "in writing" in a letter to Tucker two days later. See id., ¶¶ 23, 24. In the letter, Lewis stated that she was "hired into a non-sensitive position that has not been reclassified, nor designated as high risk," suggesting that certain inquiries into her background, like the drug test, were unwarranted. See id., ¶ 23. Plaintiff received a written response from Tucker on August 30, 2012, which stated definitively that, "due to the relocations of your position to the new facility, you will be subject to mandatory criminal background checks and testing for controlled substance use in accordance with [M.O. 2012-84]." Id., ¶ 27. According to Lewis, she refused to "submit[] to the background check," including a drug test. See id., ¶ 24. As a consequence of her refusal to comply with those requirements, she claims that she suffered repeated mistreatment at the hands of the city and its agents, all of which are detailed in the prior Opinion. See Lewis, 2015 WL 8082293, at *2.

## II.   Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of an action where a complaint fails "to state a claim upon which relief can be granted." In evaluating Defendants' Motion to Dismiss, the Court must "treat the complaint's factual allegations as true . . . and must grant plaintiff 'the benefit of all inferences that can be derived from the facts alleged.'" Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000) (quoting Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir. 1979)) (citation omitted); see also Jerome Stevens Pharms., Inc. v. FDA, 402 F.3d 1249, 1250 (D.C. Cir. 2005). The notice-pleading rules are "not meant to

3

impose a great burden upon a plaintiff," Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 347 (2005), and she must thus be given every favorable inference that may be drawn from the allegations of fact. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 584 (2007).

Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion, id. at 555, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). Plaintiff must put forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The Court need not accept as true "a legal conclusion couched as a factual allegation," nor an inference unsupported by the facts set forth in the Complaint. Trudeau v. Fed. Trade Comm'n., 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986) (internal quotation marks omitted)). For a plaintiff to survive a 12(b)(6) motion even if "recovery is very remote and unlikely," moreover, the facts alleged in the complaint "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555-56 (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

In evaluating the sufficiency of Plaintiff's Complaint under Rule 12(b)(6), the Court may consider "the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which [the court] may take judicial notice." Equal Emp't Opportunity Comm'n v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624 (D.C. Cir. 1997). The Court may thus consider those materials on a motion to dismiss without treating the motion "as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d); Marshall v. Honeywell Tech. Solutions, Inc., 536 F. Supp. 2d 59, 65 (D.D.C. 2008).

**III.   Analysis**

Seeking dismissal here, Tucker and Quander have filed separate Motions to Dismiss the three counts asserted against them – *viz.*, Counts II (Violation of Fourth and Fourteenth Amendments), VI (Intentional Infliction of Emotional Distress), and X (Defamation).  The Court addresses each Defendant in turn.

    A.    <u>Tucker Motion</u>

Tucker offers a befuddling two-page Motion that relies entirely on the Court's lack of subject-matter jurisdiction.  More specifically, he asserts that no diversity of citizenship exists here.  <u>See</u> Tucker Mot. at 1-2.  He has obviously misread the Amended Complaint, which expressly relies on 28 U.S.C. § 1331 (federal question), rather than, as he oddly claims, § 1332 (diversity), for federal subject-matter jurisdiction.  Dismissal is thus unwarranted.

    B.    <u>Quander Motion</u>

Quander wisely takes a different approach.  He "incorporates by reference the arguments presented by the District Defendants in support of their motion to dismiss . . . ."  Quander Mot. at 1.  As those were winners earlier, so, too, do they prevail this time around.

    The Court begins with Lewis's Fourth Amendment claim (Count II).  In dismissing this count against Gray and Fields, the Court first noted that an official-capacity suit was redundant where an action is also maintained against the city.  <u>See</u> <u>Lewis</u>, 2015 WL 8082293, at *4.  It further explained:

> "To state a claim under § 1983 against an official in his <u>individual</u> capacity, a plaintiff must plead facts sufficient to allege (1) 'the violation of a right secured by the Constitution and the laws of the United States,' and (2) 'that the alleged deprivation was committed by a person acting under color of state law.'"  <u>Ford v. Donovan</u>, 891 F. Supp. 2d 60, 65 (D.D.C. 2012) (quoting <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988)) (emphasis added).

Id.  As with Fields and Gray, Plaintiff has alleged no facts that indicate that Quander himself had any role in requiring Lewis to take a drug test or in causing her any harm thereafter as a result of her refusal.  This count thus cannot survive against him.  To the extent Count II also contains some type of due-process claim (labeled as Fourteenth Amendment), there is no allegation that Quander took any steps to violate Lewis's Fifth Amendment rights.  See id. at *8-9 (dismissing due-process claims against city, which, Court notes, actually derive from the Fifth Amendment, not the Fourteenth as pled by Plaintiff).

Moving to the common-law claims (Counts VI and X), the Court previously dismissed those against the city, Gray, and Fields without addressing their merits because "it is clear that Plaintiff should have first sought administrative redress under the District's Comprehensive Merit Personnel Act (CMPA) before lodging such claims in court."  Id. at *12.  Quander, who incorporated the District's arguments in his Motion, also benefits from this ruling, so Counts VI and X will also be dismissed against him.

**IV.     Conclusion**

For these reasons, the Court will grant Defendant Quander's Motion and deny Defendant Tucker's.  A separate Order so stating will issue this day.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date:    December 9, 2015